**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL LOUIS FOSTER, | No. 10-15968 |
| Plaintiff - Appellant, | D.C. No. 1:08-cv-01849-LJO-SMS |
| v. | |
| A. ENENMOH; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Michael Louis Foster, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that

prison officials were deliberately indifferent to his serious medical needs in

violation of the Eighth Amendment.  We have jurisdiction under 28 U.S.C. § 1291.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

We review de novo a district court's dismissal for failure to state a claim under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm in part, reverse in part, and remand.

The district court properly dismissed Foster's claims against defendants Raman and Jean-Pierre because Foster failed to allege facts showing that these defendants acted with deliberate indifference to his medical needs. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-58 (9th Cir. 2004) (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to the prisoner's health and safety; negligence and a mere difference in medical opinion are insufficient to establish deliberate indifference). The district court did not abuse its discretion when it dismissed these claims without leave to amend. *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) ("'[T]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.'" (citation omitted)).

However, we reverse the judgment as to defendant Enenmoh and remand for further proceedings. Construing the allegations in the light most favorable to Foster, Enenmoh denied Metamucil to treat Foster's constipation only because Metamucil was "non-formulary." Enenmoh allegedly knew that Metamucil had been effective for Foster, and that the other treatment he prescribed was causing

Foster pain and worsening his constipation. In addition, when Enenmoh became the chief medical officer, he allegedly denied Foster's treating doctor's requests to prescribe Metamucil for Foster's constipation. Accepting these allegations as true, we cannot say at this early stage in the proceedings that Foster fails to state a claim for deliberate indifference. *See Resnick*, 213 F.3d at 447 (the court must accept all factual allegations as true and construe the facts in the light most favorable to the plaintiff in determining whether the complaint states a claim under § 1915A, and the court must liberally construe pro se pleadings); *Jett v. Penner*, 439 F.3d 1091, 1097 (9th Cir. 2006) (a prison official may be liable for deliberate indifference if he fails to provide an inmate with medical care for reasons unrelated to the prisoner's medical needs, such as for administrative concerns).

Foster's appeal of the denial of his motion for a preliminary injunction is moot. *See SEC v. Mount Vernon Mem'l Park*, 664 F.2d 1358, 1361 (9th Cir. 1982) (futile to review a district court's ruling on a request for preliminary relief where the district court has already issued a decision on the merits).

Foster shall bear his own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**